Filed 7/7/26  P. v. Browder CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAITREON THOMAS BROWDER,<br><br>    Defendant and Appellant. | B346030<br><br>(Los Angeles County<br>Super. Ct. No.  XCNBA481424-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Eric Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Finding no error, we affirm.

## FACTUAL BACKGROUND

These facts are taken from our opinion on remand. (*People v. Browder* (June 26, 2024, B321402 [nonpub. opn.].)

On September 4, 2019, about 1:10 p.m., Timothy Phillips began backing his gray car out of the driveway of his house on South Harvard Boulevard in Los Angeles. James Carter, a passenger in the car, knocked Phillips's cigarette out of his hand. Phillips stopped his car near the curb and bent down to pick up his cigarette.

Phillips heard several gunshots as glass began breaking all over the car. Phillips noticed that Carter had been shot and appeared to be unconscious. He drove to a friend's house and put Carter into her car. She drove Carter to the hospital. Carter died from a gunshot wound.

Phillips returned to his home and spoke with police. He told them he saw a four-door burgundy vehicle with tinted windows, which looked like a Mitsubishi or a Mazda. It was the only car on the street. Phillips believed there were two people inside, and that the shots came from the passenger side of the vehicle. He did not hear anything before the shooting began, and nobody in the burgundy vehicle said anything to him.

Police recovered footage from about 20 locations. It shows appellant Browder and Levon Tippit in a 2003 burgundy Toyota and Phillips walking from his front door to his driveway. It then shows Phillips's gray car backing out of the driveway and stopping along the curb. Browder's burgundy Toyota appears next to Phillips's car, pauses for two to three seconds and then

turns right onto 89th Street. Phillips's car immediately goes south on Harvard Boulevard.

## PROCEDURAL BACKGROUND

On October 28, 2021, a jury found appellant Daitreon Browder guilty of first degree premeditated murder, premeditated attempted murder, shooting from a motor vehicle, and shooting at an occupied motor vehicle. The jury also found true as special circumstances that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle and carried out to further the activities of a criminal street gang. Also found true were the allegations as to each offense that a principal used and discharged a firearm causing great bodily injury and death and the offenses were committed for the benefit of a criminal street gang.

The trial court sentenced Browder to life without the possibility of parole plus 40 years to life: life without the possibility of parole plus 25 years to life for the murder conviction and true firearm allegation plus a consecutive term of 15 years to life for the attempted murder conviction with the enhancement stayed as to that count. The trial court imposed and stayed sentences for the other two offenses pursuant to Penal Code section 654.

Browder appealed the judgment of conviction. We affirmed the convictions but reversed the true findings on the gang enhancement allegations and gang-related special circumstance allegations. We ordered resentencing as to the firearm enhancements to permit the trial court to exercise its discretion whether to strike the enhancements pursuant to newly amended Penal Code section 1385. (*People v. Browder* (Feb. 7, 2024, B321402 [nonpub. opn.].)

3

The California Supreme Court granted the People's petition for review and directed us to vacate our prior decision and reconsider the cause in light of *People v. Clark* (2024) 15 Cal.5th 743. Upon reconsideration, we affirmed the judgment of conviction including the true findings on the gang enhancement allegations and the gang-related special circumstance allegation. However, we still determined it appropriate to remand to permit the trial court to exercise its discretion concerning the firearm enhancement. (*People v. Browder, supra,* B321402.)

On March 7, 2025, Browder filed a motion to strike enhancements pursuant to Penal Code section 1385, subdivision (c)(2)(B). The motion included no facts whatsoever about Browder or the offenses and did not address the factors set out in section 1385 that must be considered in deciding whether to strike firearm enhancements.

On March 25, 2025, the trial court conducted a hearing on our remand and declined to strike the firearm enhancements, finding that to do so would endanger public safety. In so ruling, the court considered each of the factors under 1385 and found: "There was no evidence that the defendant suffered or acted under a mental illness rather it was a cold calculated killing done for the benefit of the gang, there was no evidence that the defendant suffered from childhood trauma, the defendant was not a juvenile, the firearm was not inoperable but rather was fired by the defendant during the commission of the offense, the enhancement was not based upon a prior conviction but rather was based upon the evidence presented at the trial and the use of a firearm during the commission of the offense, multiple enhancements were not applied in this case, rather all other enhancements were stayed. [¶] Most importantly, the crime is a

violent felony and that weighs heavily in the court's mind.  A person was killed.  The crime was carried out in broad daylight across from an elementary school.  The crime as evidenced by the video was calculated, planned, and sophisticated.  The defendant drove with another gang member from their territory to rival gang territory looking for a rival gang member to kill or assault.  The killing was done by a barrage of bullets fired into a car that was backing out of the driveway of a home on a residential street across from a school in broad daylight.  The victim of the [attempted murder] was saved only by the lucky circumstance that at the time of the shooting he had been reaching down to retrieve a cigarette that he had dropped. [¶] The only factors from 1385 that might provide some benefit to the defendant is that the application of the enhancement results in a sentence of over 20 years, however, the statutory penalty as prescribed by the legislature creates that outcome.  The court did not choose the penalty.  Furthermore, as to multiple enhancements being imposed, all the other enhancements were stayed. [¶] Given the violent nature of the offense, the court finds that a dismissal would endanger public safety as defined in 1385 and the appropriate penalty after considering the facts of this case and the factors in 1385 is to impose the punishment required by the enhancement."

Browder timely appealed the court's denial of resentencing "on PC 12022.53 enhancement."

We appointed counsel for Browder on appeal.  On April 13, 2026, counsel filed an opening brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asking this court to independently review the record for error.

5

On April 14, 2026, we notified Browder a no-issue brief had been filed on his behalf and he had 30 days to file a supplemental brief stating any grounds for an appeal, or contentions, or arguments he wishes us to consider.  Browder did not file a supplemental brief.

We have examined the record and are satisfied counsel on appeal has fully complied with their responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

SCHERB, J.